Thomas B. High, ISB No. 2430
Bren E. Mollerup, ISB No. 7959
BENOIT, ALEXANDER,
HARWOOD & HIGH, L.L.P.
126 Second Avenue North
P.O. Box 366
Twin Falls, Idaho 83303-0366
Telephone: (208) 733-5463
Attorneys for Defendant
(15950\Answer\BEM\ka)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

\* \* \* \* \*

| | |
|---|---|
| MICHAEL S. CROWDER, ) | Case No. 1:11-cv-372-S-LMB |
| ) | |
| Plaintiff, ) | |
| ) | **ANSWER OF WEST ASSET** |
| v. ) | **MANAGEMENT, INC. TO** |
| ) | **COMPLAINT** |
| WEST ASSET MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

\* \* \* \* \*

Defendant, West Asset Management, Inc. (hereinafter "WAM"), for itself alone, responds to the complaint filed by Plaintiff, Michael S. Crowder, as follows:

**NATURE OF ACTION**

1. In response to the allegations in ¶ 1 of the Complaint, WAM admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227,

ANSWER OF WEST ASSET MANAGEMENT, INC. TO COMPLAINT - 1

et seq. ("TCPA"), but denies violating the FDCPA or TCPA and denies any liability or wrongdoing under the law.

2. In response to the allegations in ¶ 2 of the complaint, WAM admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), but denies violating the FDCPA or TCPA and denies any liability or wrongdoing under the law.

3. In response to ¶ 3 of the complaint, WAM avers the cited statute speaks for itself and refers all matters of law to the court.

## JURISDICTION AND VENUE

4. WAM admits to the allegations contained in ¶ 4 for jurisdiction purposes only.

5. WAM admits the allegations contained in ¶ 5 for venue purposes only. To the extent alleged in ¶ 5, WAM denies violating the FDCPA or TCPA and denies any liability or wrongdoing under the law.

## PARTIES

6. WAM lacks sufficient information to answer the allegations contained in ¶ 6, and based thereon denies the same.

7. WAM lacks sufficient information to answer the allegations contained in ¶ 7, and based thereon denies the same.

8. In response to ¶ 8 of the complaint, WAM admits it uses the mail and telephone in the ordinary course of business. WAM further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as expressly

admitted, WAM lacks sufficient information to answer the remaining allegations contained in ¶ 8, and based thereon denies the same.

9. In response to ¶ 9 of the complaint, WAM admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA. Except as specifically admitted, the allegations in ¶ 9 are denied.

### FACTUAL ALLEGATIONS

10. WAM denies the allegations contained in ¶ 10.

11. WAM denies the allegations contained in ¶ 11.

12. WAM denies the allegations contained in ¶ 12.

13. WAM denies the allegations contained in ¶ 13.

14. WAM denies the allegations contained in ¶ 14.

15. WAM admits its records indicate it received correspondence from Plaintiff on June 8, 2011. WAM avers the correspondence speaks for itself and is the best evidence of its content. Except as specifically admitted, WAM denies the remaining allegations in ¶ 15.

16. WAM admits its records indicate it sent correspondence to Plaintiff. WAM avers the correspondence speaks for itself and is the best evidence of its content. Except as specifically admitted, WAM denies the remaining allegations in contained ¶ 16.

17. WAM admits its records indicate it sent correspondence to Plaintiff. WAM avers the correspondence speaks for itself and is the best evidence of its content. Except as specifically admitted, WAM denies the remaining allegations in contained ¶ 17.

18. WAM denies the allegations contained in ¶ 18.

ANSWER OF WEST ASSET MANAGEMENT, INC. TO COMPLAINT - 3

19. In response to ¶ 19 of the complaint, WAM admits it uses instrumentalities of interstate commerce and/or the mail in the ordinary course of business. WAM further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as expressly admitted, WAM denies the remaining allegations contained in ¶ 19.

20. WAM denies the allegations contained in ¶ 20.

## COUNT I

### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA, 47 U.S.C. § 227)

Note – Plaintiff's Complaint, starting with "Count I", re-used paragraph numbers, beginning with "6" rather than "21". WAM's paragraph numbering reflects those set forth in the Complaint.

6. WAM incorporates the above responses to the allegations as though fully set forth herein.

7. WAM denies the allegations contained in ¶ 7.

8. WAM denies the allegations contained in ¶ 8.

9. WAM denies the allegations contained in ¶ 9.

10. WAM denies the allegations contained in ¶ 10.

In response to the paragraph beginning WHEREFORE:

A. WAM admits that Plaintiff purports to seek redress for alleged violations of the TCPA, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

ANSWER OF WEST ASSET MANAGEMENT, INC. TO COMPLAINT - 4

B.  WAM admits that Plaintiff purports to seek redress for alleged violations of 47 U.S.C. § 227, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

C.  WAM admits that Plaintiff purports to seek redress for alleged violations of 47 U.S.C. § 227, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

## COUNT II

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692

11.  WAM incorporates the above responses to the allegations as though fully set forth herein.

12.  In response to ¶ 12 of the complaint, WAM admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA. Except as specifically admitted, the allegations in ¶ 12 are denied.

13.  WAM denies the allegations contained in ¶ 13, and subparagraphs a through c, inclusive.

In response to the paragraph beginning WHEREFORE:

A.  WAM admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

ANSWER OF WEST ASSET MANAGEMENT, INC. TO COMPLAINT - 5

B. WAM admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

C. WAM admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

D. WAM admits that Plaintiff purports to seek redress for alleged violations of the FDCPA and TCPA, but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

## TRIAL BY JURY

WAM admits Plaintiff seeks a trial by jury in this case. Except as expressly admitted, denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, WAM alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, WAM alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

ANSWER OF WEST ASSET MANAGEMENT, INC. TO COMPLAINT - 6

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, WAM alleges Plaintiff's claims are barred in whole or in part by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, WAM alleges, Plaintiff consented to and/or invited the conduct for which he seeks relief.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, WAM alleges, Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, WAM alleges, assuming Plaintiff suffered any damages, which is denied, Plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, WAM alleges any harm suffered by Plaintiff, which is denied, was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of WAM, or for whom WAM is not responsible or liable.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, WAM alleges Plaintiff's claims in this action are barred by the doctrine of unclean hands.

ANSWER OF WEST ASSET MANAGEMENT, INC. TO COMPLAINT - 7

## NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, WAM alleges Plaintiff's claims in this action are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, WAM alleges Plaintiff is estopped from asserting the claims set forth in his complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, WAM alleges service of process was insufficient.

## TWELFTH AFFIRMATIVE DEFENSE

WAM currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. WAM reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, WAM respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;

2. Judgment of dismissal be entered in favor of WAM;

3. WAM be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. WAM be granted such other and further relief as the Court deems just and proper.

DATED this 7th day of September, 2011.

BENOIT, ALEXANDER, HARWOOD
& HIGH, L.L.P.

By _____
Bren E. Mollerup
Attorneys for Defendant

ANSWER OF WEST ASSET MANAGEMENT, INC. TO COMPLAINT - 8

## CERTIFICATE OF SERVICE

The undersigned, a resident attorney of the State of Idaho, with offices at 126 Second Avenue North, Twin Falls, Idaho, certifies that on the 7th day of September, 2011, he caused a true and correct copy of the **ANSWER OF WEST ASSET MANAGEMENT, INC. TO COMPLAINT** to be forwarded with all required charges prepaid, by the method(s) indicated below, to the following:

| | |
|---|---|
| Michael S. Crowder | Hand Delivered ☐ |
| P.O. Box 15911 | U.S. Mail ☒ |
| Boise, ID 83715-5911 | Fax ☐ |
| **(Plaintiff – Pro Se)** | Fed. Express ☐ |

_____
Bren E. Mollerup